## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT S. DORSEY, II, | : Civil No. 3:19-cv-0113 |
| Plaintiff | : (Judge Mariani) |
| v. | : |
| REBECCA PETER, Lpn., *et al.*, | : |
| Defendants | : |

## MEMORANDUM

### I.  Background

On January 18, 2019, Plaintiff, Robert S. Dorsey, a federal inmate, currently confined in the Fort Dix Federal Correctional Institution, Joint Base MDL, New Jersey, initiated this action pursuant to *Bivens*,[1] 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA"). (Doc. 1, complaint).  Plaintiff complains of incidents which occurred at his former place of confinement, the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), White Deer, Pennsylvania.  *Id*.  The named Defendants are the United States of America and the following Bureau of Prisons ("BOP") employees: Health Services Assistant Rebecca Peters,

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

1

Case Manager Amy Foura-White, Counselor Mark Thompson, Assistant Health Services Administrator ("AHSA") Bret Brosious, and Unit Manager Al Farley. *Id.* On January 31, 2019, Dorsey amended his complaint to add the "U.S. Attorney of the Middle District of PA" and the "U.S. Attorney General of the U.S.A." as Defendants. (Doc. 9).

Plaintiff alleges that as a result of starting his position on March 23, 2016, with the Gate Pass Program at LSCI-Allenwood, he has missed his "call-outs to medical", for dental and eye appointments. (Doc. 1). He claims that "after being transferred to Estill, it was discovered that [he] had Diabetic Macular Edema." *Id.* He avers Defendant Health Services Assistant Peters and Defendant Williams "lied" and stated that he refused a retinopathy exam and falsified an April 18, 2016 medical care treatment refusal form. *Id.*

In September 2016, Plaintiff claims his unit team conducted his six-month review as an orderly with the Gate Pass Program. *Id.* He states that while talking to his case manager, A. Foura-White, he "explained to her [he] was not ready for a transfer" and that she "told [him] that was good because [he] was doing a good job at the Training Center where [he] worked as an orderly" and that "she would review [him] again in six months." *Id.*

Plaintiff filed an informal BP-8 concerning his missed medical appointments, which was responded to on October 6, 2016, by the Health Services Administrator. *Id.* Plaintiff claims that the Health Services Administrator "contradicted policy" by stating that Plaintiff would have received an Incident Report had he missed any appointments. *Id.* Knowing

2

that he "missed several without repercussions," Plaintiff filed a BP-9, which he claims, "was rejected for frivolous reasons." *Id.* He alleges that he "gave Counselor Mark Thompson another BP-9 to turn in for [him]" and, in turn, "Unit Team Al Farley put [him] in for a transfer as an act of retaliation for the Administrative Remedy [he] was pursuing." *Id.* Plaintiff believes that "[t]he form 409.051 will confirm that the transfer was put in for [him] on the same day 10/04/2016, [he] filed the BP-8." *Id.* Plaintiff concludes that "[t]he results of the retaliation was this Inmate being transferred to a prison further from his home, a major wage reduction was also the result of the retaliation"; "[b]oth an adverse action that being the result of the retaliation." *Id.*

On January 18, 2019, Plaintiff filed the instant action in which he seeks damages "for retaliation, violating policy" and "emotional duress, mental anguish, and physical injury." *Id.* Additionally, Plaintiff seeks a "proper investigation" and for "[s]taff to be reprimanded (fired) for falsifying Government documents and retaliating against [him] for filing administrative remedy, and obstructing justice." *Id.*

By Memorandum and Order dated February 21, 2020, this Court granted Defendants' motion to dismiss, and for summary judgment, as to Plaintiff's unexhausted and untimely *Bivens* retaliatory transfer claim and Plaintiff's FTCA retaliation claim. (Docs. 42, 43). Defendants' motion was denied as to exhaustion and timeliness of Plaintiff's *Bivens* action challenging the alleged denial of Plaintiff's April 18, 2016 Retinopathy examination

3

claim and as to Plaintiff's failure to file a certificate of merit in support of his FTCA claim. *Id.*

On March 5, 2020, Defendants filed an answer to the complaint. (Doc. 44).

Presently pending before the Court is Defendants' motion for partial judgment on the pleadings. (Doc. 45). On March 26, 2020, Defendants filed a brief in support of their motion for judgment on the pleadings. (Doc. 49). For the reasons that follow, Defendants' motion will be granted, in part, and denied, in part.

## II. Standard of Review

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law." *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), *aff'd*, 365 F. App'x 427 (3d Cir. 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." *Allstate Ins. Co. v. Hopfer*, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When considering a

motion to dismiss, a court shall "accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."  *James v. City of Wilkes-Barre*, 700 F.3d 675 (3d Cir. 2012).

### III.   Discussion

Defendants seek partial judgment on the pleadings on the following grounds: (1) the U.S. Attorney and the Attorney General are entitled to sovereign immunity; (2) the named Defendants, other than the United States, are not proper parties to an FTCA claim; (3) there are no remaining *Bivens* claims against Defendants Amy Foura-White, Mark Thompson, Bret Brosius, Al Farley, the U.S. Attorney, and the U.S. Attorney General based on the Court's previous Memorandum (Doc. 42); and (4) Defendant Peters is not alleged to have prevented Dorsey from attending an eye appointment.

#### A. Sovereign Immunity

Defendants seek dismissal of the *Bivens* claims against the United States and against the following five BOP employee Defendants: Peters. Foura-White, Thompson, Brosius and Farley, in their official capacity, based on sovereign immunity.

The doctrine of sovereign immunity bars suits against the United States or its agencies unless the government has waived that immunity.  *FDIC v. Meyer*, 510 U.S. 471 (1994).  The United States and its agencies have not waived immunity.  Consequently, any *Bivens* claim against the United States is plainly barred by the doctrine of sovereign

immunity. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

As concerns the official capacity claims against Defendants Peters, Foura-White, Thompson, Brosius and Farley, sovereign immunity extends to individual officers acting in their official capacities, absent an explicit waiver. *See Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities). *Bivens* does not waive sovereign immunity with respect to claims brought against federal employees sued in their official capacities. *Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Accordingly, Dorsey's official capacity claims against Defendants Peters, Foura-White, Thompson, Brosius and Farley, are essentially claims against the United States that must be dismissed on sovereign immunity grounds. *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (*per curiam*) ("To the extent that Brooks is suing the BOP employees in their official capacities, his claim fails as actions against prison officials in their official capacities are considered actions against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defends sued in their official capacity because the claims are essentially made against the United States).

Based on the foregoing, Defendants are entitled to judgment as to Dorsey's *Bivens* claim against the United States and against Defendants Peters, Foura-White, Thompson, Brosius and Farley, in their official capacities.

### B. Proper Party in FTCA Claim

Plaintiff sues the United States and seven individual Defendants under the FTCA. (Doc. 1). While the FTCA provides jurisdiction for suits against the United States for torts allegedly committed by federal officials, the United States is the only proper defendant in a case brought under the FTCA. *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *see also Thomas v. United States*, 558 F. Supp. 2d 553, 557 (M.D. Pa. 2008) ("[T]he only proper party Defendant is the United States, and not individual employees of the BOP."); *Boyd v. United States*, 482 F. Supp. 1126, 1128 (W.D. Pa. 1980) ("Only the United States Government itself is amenable to suit under [the FTCA]. Employees and specific government agencies are not proper defendants."). Accordingly, the Court will dismiss all FTCA claims against the seven individually named Defendants with prejudice. Thus, the only remaining Defendant to the FTCA claim is the United States.

### C. Defendants Farley, Foura-White, Thompson and Brosius are entitled to Dismissal.

Defendants seeks dismissal of these Defendants based on this Court's February 21, 2020 Order granting summary judgment on Plaintiff's retaliatory transfer claim and because none of these named Defendants are implicated in any of Plaintiff's remaining claims. (Doc. 49 at 10-12).

Plaintiff's allegations against these Defendants consists of the following:

> Inmate Dorsey went to unit team in September of 2016 for his six-month review. After talking to case manager A. Foura-White, I explained to her I was not ready for a transfer. She told me that was good because I was doing a good job at the Training Center where I worked as an orderly [and] she would review me again in six months. I contacted the Health Services Administrator about missing my medical appointments and filed a BP-8. The HAS responded on the 6th of October. In his response, the HAS contradicted policy and said: I would have received an Incident Report if I missed any call-outs, in which I missed several without any repercussions. I gave Counselor Mark Thompson another BP-9 to turn in for me. Unit Team Al Farley put me in for a transfer as an act of retaliation for the Administrative Remedy I was pursuing. The form 409.051 will confirm that the transfer was put in form me on the same day 10/04/2016, I filed the BP-8. HSA Brosius never returned my BP-8 back to me. Case manager A. Foura-White, Counselor Mark Thompson and Unit Manager Al Farley are all employees of the Bureau of Prisons thus making the United States Government the proper defendant. The results of the retaliation of this Inmate being transferred to a prison further from his home, a major wage reduction was also the result of retaliation. Both adverse action that being the result of retaliation.

(Doc. 1 at 3-4).

By Memorandum and Orde dated February 21, 2020, Defendants' motion for summary judgment was granted as to Plaintiff's unexhausted and untimely *Bivens* retaliatory transfer claim and as to Plaintiff's FTCA retaliation claim. (Docs. 42, 43). As Defendants Farley, Foura-White, Thompson and Brosius are encompassed in those claims, Defendants are entitled to judgment in their favor and dismissal from this action.

### D. Defendant Peters

Plaintiff's only allegations against Defendant Peters are that on April 18, 2016, Defendant Health Services Assistant Peters "lied" and stated that Plaintiff refused a retinopathy exam. (Doc. 1 at 3).

8

Defendants seek dismissal of Defendant Peters on the basis that he is not included in Plaintiff's only surviving claim that he "was prevented from attending a scheduled eye appointment, which he alleges resulted in delayed diagnosis of diabetic macular edema." (Doc. 49 at 11).

By Memorandum dated February 21, 2020, this Court denied Defendants' motion for summary judgment as to the exhaustion and timeliness of Plaintiff's claim regarding his April 18, 2016 eye appointment. (Doc. 42 at 22). While the Court referenced the claim as Plaintiff being prevented from attending a scheduled eye appointment, a complete reading of the facts regarding Plaintiff's exhaustion history (see Doc. 42 at 10-14), reveal that Plaintiff filed only one administrative remedy concerning his April 18, 2016 Retinopathy examination, in which Plaintiff "allege[d] staff misconduct pertaining to [Plaintiff's] refusal of a Retinopathy examination," (Doc. 40-2, Inmate Request to Staff Response)[2], the very claim that references Defendant Peters. The claim contained in this administrative remedy, is the very claim determined by this Court to have been exhausted and timely. (See Doc. 42 at 17-22). Because the Plaintiff has been permitted to proceed on this claim, Defendant Peters is not entitled to dismissal at this stage of the proceedings and Defendants' motion for judgment on the pleadings will be denied as to Defendant Peters.

---

2   The Court notes that its February 21, 2020 decision did not have the benefit of Plaintiff's original administrative remedy, as Defendants merely submitted a condensed printout of the administrative remedies, filed by Plaintiff, in support of their motion for summary judgment. The Court, however, was able to extract from Plaintiff's exhibits in opposition, a brief description of Plaintiff's claim, as referenced in Staff's response to his remedy. (*See* Doc. 40-2 at 20).

## V. Conclusion

Based on the foregoing discussion, Defendants' motion for partial judgment on the pleadings will be granted in part and denied, in part.

A separate Order shall issue.

Dated: March 29, 2021

Robert D. Mariani
United States District Judge