IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. DORSEY, II, | : | Civil No. 3:19-cv-0113 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| REBECCA PETER, Lpn., *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

On January 18, 2019, Plaintiff, Robert S. Dorsey, a federal inmate, currently confined in the Fort Dix Federal Correctional Institution, Joint Base MDL, New Jersey, initiated this action pursuant to *Bivens*,[1] 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA"). (Doc. 1, complaint). Plaintiff complains of incidents which occurred at his former place of confinement, the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), White Deer, Pennsylvania. *Id.* The named Defendants are the United States of America and the following Bureau of Prisons ("BOP") employees: Health Services Assistant Rebecca Peters,

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

1

Case Manager Amy Foura-White, Counselor Mark Thompson, Assistant Health Services Administrator ("AHSA") Bret Brosious, and Unit Manager Al Farley. *Id.* On January 31, 2019, Dorsey amended his complaint to add the "U.S. Attorney of the Middle District of PA" and the "U.S. Attorney General of the U.S.A." as Defendants. (Doc. 9).

Plaintiff alleges that as a result of starting his position on March 23, 2016, with the Gate Pass Program at LSCI-Allenwood, he has missed his "call-outs to medical", for dental and eye appointments. (Doc. 1). He claims that "after being transferred to Estill, it was discovered that [he] had Diabetic Macular Edema." *Id.* He avers Defendant Health Services Assistant Peters and Defendant Williams "lied" and stated that he refused a retinopathy exam and falsified an April 18, 2016 medical care treatment refusal form. *Id.*

In September 2016, Plaintiff claims his unit team conducted his six-month review as an orderly with the Gate Pass Program. *Id.* He states that while talking to his case manager, A. Foura-White, he "explained to her [he] was not ready for a transfer" and that she "told [him] that was good because [he] was doing a good job at the Training Center where [he] worked as an orderly" and that "she would review [him] again in six months." *Id.*

Plaintiff filed an informal BP-8 concerning his missed medical appointments, which was responded to on October 6, 2016, by the Health Services Administrator. *Id.* Plaintiff claims that the Health Services Administrator "contradicted policy" by stating that Plaintiff would have received an Incident Report had he missed any appointments. *Id.* Knowing

2

that he "missed several without repercussions," Plaintiff filed a BP-9, which he claims, "was rejected for frivolous reasons." *Id.* He alleges that he "gave Counselor Mark Thompson another BP-9 to turn in for [him]" and, in turn, "Unit Team Al Farley put [him] in for a transfer as an act of retaliation for the Administrative Remedy [he] was pursuing." *Id.* Plaintiff believes that "[t]he form 409.051 will confirm that the transfer was put in for [him] on the same day 10/04/2016, [he] filed the BP-8." *Id.* Plaintiff concludes that "[t]he results of the retaliation was this Inmate being transferred to a prison further from his home, a major wage reduction was also the result of the retaliation"; "[b]oth an adverse action that being the result of the retaliation." *Id.*

On January 18, 2019, Plaintiff filed the instant action in which he seeks damages "for retaliation, violating policy" and "emotional duress, mental anguish, and physical injury." *Id.* Additionally, Plaintiff seeks a "proper investigation" and for "[s]taff to be reprimanded (fired) for falsifying Government documents and retaliating against [him] for filing administrative remedy, and obstructing justice." *Id.*

By Memorandum and Order dated February 21, 2020, this Court granted Defendants' motion to dismiss, and for summary judgment, as to Plaintiff's unexhausted and untimely *Bivens* retaliatory transfer claim and Plaintiff's FTCA retaliation claim. (Docs. 42, 43). Defendants' motion was denied as to exhaustion and timeliness of Plaintiff's *Bivens* action challenging the alleged denial of Plaintiff's April 18, 2016 Retinopathy examination

3

claim and as to Plaintiff's failure to file a certificate of merit in support of his FTCA claim. *Id.*

On March 17, 2020, Plaintiff filed a motion for reconsideration of this Court's February 21, 2020 Memorandum and Order. (Doc. 46). The motion is fully brief and is ripe for disposition. For the reasons that follow, Plaintiff's motion will be denied.

## II. Standard of Review

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Chesapeake Appalachia, LLC v. Scott Petroleum*, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.); *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The standard for granting a motion for reconsideration is a stringent one . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia*, LLC, 73 F. Supp. 3d at 491.

## III. Discussion

Plaintiff "requests and prays this Honorable Court reverses the judgment and rule in favor of Plaintiff, as to Plaintiff's unexhausted and untimely *Bivens* retaliatory transfer claims and to FTCA retaliation claim." (Doc. 52 at 1).

This Court's February 21, 2021 Memorandum found that a retaliation claim is not viable under the FTCA, as the FTCA does not provide a remedy for constitutional torts, (Doc. 42 at 26) and that there was no record of Plaintiff initiating the administrative remedy process with respect to his *Bivens* retaliatory transfer claim. (Doc. 42 at 20).

Plaintiff alleges that he did in fact attempt to initiate the administrative remedy process, however, he claims that his remedy was "rejected for frivolous reasons." (Doc. 52 at 8). In support of this claim, Plaintiff submits as an exhibit, a January 13, 2017 Request for Administrative Remedy, in which Plaintiff claims that he has "was transferred out of retaliation for exercising [his] right pursuant to the administrative remedy program." (Doc. 52-2 at 1). Along with this exhibit, Plaintiff attaches an April 5, 2017 Regional Administrative Remedy Appeal in which Plaintiff that he "asked for a full investigation by the SIS, SIA, or the OIG, and instead a retaliatory transfer was put in on the same day that the HAS received the BP-8." (Doc. 52-1 at 1). Plaintiff's appeal further states that he has "been trying to submit this administrative remedy since 10/4/2016 and keeps getting rejected for frivolous reasons." *Id*.

5

Plaintiff's submissions do not change this Court's February 21, 2020 decision. As noted in this Court's Memorandum "an inmate's appeal to the Central Office is the final administrative level of appeal in the BOP." (Doc. 42 at 11). Thus, Plaintiff's submission of an initial Administrative Remedy and an appeal to the Regional Office, without more, fails to demonstrate exhaustion, as the process contemplates as proper exhaustion, a final appeal to the Central Office.

However, even if Plaintiff were to have exhausted his retaliation claim, the Supreme Court has "never held that *Bivens* extends to First Amendment claims." See *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). Moreover, the Third Circuit has repeatedly held that *Bivens* may not be extended to First Amendment retaliation claims in the prison context. *See, e.g.*, Mack v. Yost, 968 F.3d 311, 319 (3d Cir. 2020) (declining to extend *Bivens* to a First Amendment retaliation claim in the prison workplace assignment context); *Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018) ("[T]he retaliation claim is not a recognized *Bivens* remedy."); *Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139-40 (3d Cir. 2018) (affirming the dismissal of a First Amendment retaliation claim brought by a federal prisoner against correctional staff). Likewise, this Court has repeatedly ruled that there is no *Bivens* remedy for First Amendment retaliation claims in the prison context. See *Graham v. Bradley*, No. 3:20-cv-0595, 2021 WL 904862, at *5 (M.D. Pa. March 9, 2021); *Stone Bey v. U.S. Dep't of Justice*, No. 1:21-cv-113, 2021 WL 632735, at *5 (M.D. Pa. Feb. 18, 2021); *Bush v. Griffin*, No. 1:19-cv-1521, 2020 WL 5801408, at *3 (M.D. Pa. Sept. 29, 2020) (collecting cases). In light of this precedent, the Court finds that

Plaintiff's retaliation claim presents a new *Bivens* context to which *Bivens* has not previously been extended. Because special factors counsel against extending *Bivens* to that new context, the Court, therefore, declines to extend Bivens to Plaintiff's retaliation claim, and his claim is to be dismissed.

Thus, Plaintiff's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Plaintiff's own exhibits demonstrate that this Court correctly concluded that Plaintiff failed to exhaust administrative remedies regarding his retaliation claim, prior to filing the instant action.

Accordingly, this Court finds that its Memorandum and Order of February 21, 2020, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

Dated: March 29, 2021

Robert D. Mariani
United States District Judge